Miners National Bank of Wilkes-Barre *v.*
Bowman, Appellant.

Argued April 12, 1939. Before KEPHART, C. J.,
MAXEY, DREW, LINN and STERN, JJ.

*Charles M. Bowman,* in propria persona, with him *William L. Pace,* for appellant.

*George L. Fenner* and *Gilbert S. McClintock,* for appellee, were not heard.

OPINION BY MR. JUSTICE DREW, May 15, 1939:

Appellant owned a parcel of real estate situated at No. 49 North Washington Street, Wilkes-Barre, consisting of a lot forty by one hundred and seventeen feet, improved with a two and one-half story brick dwelling house and a garage. On June 24, 1938, this property was sold at sheriff's sale upon certain executions issued upon two judgments in favor of appellee totaling $1,652.37. Prior to the sale, the sheriff read a notice to prospective bidders that the property advertised for sale would be sold subject to a first mortgage against said property, held by appellee as security for a loan of $8,700, of which there was a balance due of $4,450, principal, and $1,867.43, interest in default at that date. There was no competitive bidding and the premises were sold to appellee for taxes and costs in the amount of $2,250.19.

Prior to the delivery of the deed by the sheriff, appellant presented a petition and motion and filed ex-

ceptions in the Court of Common Pleas to set aside the sale, averring, inter alia, that the effect of giving notice that the property was being sold subject to the mortgage was to stifle bidding, that the property was worth approximately $15,000 and that the purchase price for which it was sold was so grossly inadequate as to amount to a legal fraud upon appellant. The court granted the prayer for a rule to show cause why the said sheriff's sale should not be set aside, an answer was filed by appellee, depositions were taken to enable the court to determine the market value of the premises, and the case was heard upon petition, answer and depositions. The learned court below, sitting en banc, dismissed the exceptions and discharged the rule to show cause. This appeal followed.

In reaching its decision, the lower court found the fair market value of the property as of the date of the sale to be $10,000. There is ample evidence in the present record to sustain that finding. Although one of the appraisers called by appellant set a value of $12,000 upon the premises, he gave no break-down of his figure. He based his opinion upon options obtained for proposed sales to the Wilkes-Barre School District which were never exercised. Another appraiser, called by appellant, who was not a real estate broker, but who had made appraisements for the Home Owners' Loan Corporation, fixed the value at $12,250. The witness testified that he had made no appraisements for the Home Owners' Loan Corporation of property in the vicinity of the property sold. The real estate brokers called by appellee appraised it at between $8,100 and $8,500 and stated that the house needed new plumbing and that the garage was in such a state of disrepair as to be practically worthless. One of appellant's own witnesses testified that there had been no sales, outside of foreclosures, in the vicinity for over two years, and the evidence clearly showed that there was no ready market for properties in the neighborhood, which was partially

residential in character. In depicting the state of disrepair of the premises, one of appellee's experts stated: "I don't think the house has been touched; the house is in a deplorable condition." It is manifest from the evidence that the court below committed no error in fixing the value of the property on the date of the sale at $10,000. The findings of fact of a chancellor, approved by the court en banc, based on substantial testimony, have the effect of a verdict of a jury, and cannot be reversed on appeal, in the absence of clear error: *Manheim v. Board of County Commissioners of Venango County*, 330 Pa. 92.

Nor is there any merit to appellant's allegation that the reading of the written notice concerning the lien of the first mortgage discouraged bidding. He failed to show that anyone was actually deterred from bidding at the sale because of the notice. On the contrary, in view of the inflexible application of the rule of caveat emptor to purchasers at sheriff sales (*Weidler v. Farmers Bank of Lancaster*, 11 S. & R. 134), the adoption of a practice, such as was here employed, expressly warning buyers of prior liens, necessarily enhances the security of transactions and operates to encourage bidding, rather than to stifle it.

Nor was the ratio of disparity between the sale price and the fair market value found by the lower court so disproportionate that it can be said that the lower court committed an abuse of discretion in refusing to set aside the sale. It appears from the record that not only was appellant in default under the judgments and in interest under the first mortgage, but that appellee, at his request, had advanced for taxes in arrears and insurance premiums a total sum of $3,796.38 in order to protect its security. Appellee was owed by appellant $6,317.43 under the first mortgage. The taxes and costs at the sale amounted to $2,250.19 and the balances still due on the judgments total $1,652.37. It follows that to be made whole the appellee will have to obtain from

this property the sum of $10,219.99. The lower court further found that although appellant had full opportunity to obtain a purchaser for the property or bidders at the sale, he neglected to make any efforts in that direction. Under these circumstances, we fail to find that there was such a gross inadequacy of price at the foreclosure sale as would necessitate our upsetting the discretion of the lower court in refusing to set it aside. On an application to set aside a sheriff's sale, it has been our repeated practice never to interfere with the broad discretionary powers possessed by the lower court, unless a manifest abuse of discretion has been committed: *Snyder v. Snyder*, 244 Pa. 331; *Watkins v. Justice (No. 1)*, 256 Pa. 37; *American State Bank & Trust Co. v. Mariades*, 328 Pa. 428.

Decrees affirmed; appellant to pay costs.