426 A.2d 1179

**DAUPHIN DEPOSIT BANK AND TRUST COMPANY,**

**Wm. B. Tenny, Party in Interest**

**v.**

**WM. B. TENNY, INC., Defendant.**

**Appeal of Wm. B. TENNY, Party in Interest.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed March 6, 1981.

Petition for Allowance of Appeal Denied Aug. 6, 1981.

Wm. B. Tenny, Camp Hill, appellant, in pro. per.
James D. Flower, Carlisle, for appellee.

Before SPAETH, SUGERMAN and STRANAHAN, JJ.*

STRANAHAN, Judge:

This matter is an appeal from an order of the Court of Common Pleas of Cumberland County dismissing the appellant's petition to set aside a sheriff's sale of property owned by the defendant. We affirm that order.

This case arose out of the following facts: On February 9, 1977, the Dauphin Deposit Bank and Trust Company (hereinafter Dauphin) filed a complaint in mortgage foreclosure against a segment of residential property owned by Wm. B. Tenny, Inc., and located at 2309–2311 Market Street, Camp Hill, Pennsylvania. After depositions were taken, Dauphin filed a motion for summary judgment. That motion was granted. Wm. B. Tenny, Inc., appealed that decision. That appeal was quashed by the superior court.

After the appeal by Wm. B. Tenny, Inc. was quashed, Dauphin filed a writ of execution against the property. The property was sold at a sheriff's sale on June 15, 1978 to Dauphin.

On July 3, 1978, Wm. B. Tenny filed a mechanics' lien against the property sold to Dauphin at the sheriff's sale.[1] Mr. Tenny's mechanics' lien was for alterations and repairs he had allegedly made to the property from 1972 to 1978 and it claimed an effective priority date of August 26, 1971.

Two days later, Mr. Tenny filed a petition to set aside the sheriff's sale. In his petition, Mr. Tenny asserted that he was a party in interest on the basis of the mechanics' lien he had filed on July 3, 1978, and that his interest in the property was superior to that of Dauphin's mortgage interest in the property.

---

* President Judge JOHN Q. STRANAHAN, of the Court of Common Pleas of Mercer County, Pennsylvania, is sitting by designation. Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, is sitting by designation.

1. Mr. Tenny is president of Wm. B. Tenny, Inc.

Mr. Tenny's petition did not contain a request for a rule to show cause.

Dauphin did not file an answer to Mr. Tenny's petition. Instead, Dauphin filed a petition and rule to show cause why Mr. Tenny's petition should not be stricken or dismissed for failure to conform to law. In its petition, Dauphin alleged that Mr. Tenny was not a party in interest because his mechanics' lien did not take effect and have priority until it was filed.[2] Hence, Dauphin asserted, Mr. Tenny had no standing to petition the court to set aside the sheriff's sale of June 15, 1978.[3]

Mr. Tenny filed both preliminary objections and an answer to Dauphin's petition and rule. Included in Mr. Tenny's preliminary objections was a demurrer to Dauphin's petition and rule. The essence of that demurrer was that Dauphin had filed a pleading that was not authorized by the Rules of Civil Procedure.

On September 5, 1978, the lower court, in a separate proceeding, ordered the mechanics' lien filed by Mr. Tenny on July 3, 1978, stricken.[4] Later that same day, the lower court dismissed Mr. Tenny's petition to set aside the sheriff's sale because Mr. Tenny was not a party in interest as required by Pennsylvania Rule of Civil Procedure 3132.

Mr. Tenny has raised two issues on appeal. First, he asserts that an answer is the proper responsive pleading to a petition. Hence, he argues, the lower court erred in ruling on Dauphin's petition to dismiss Mr. Tenny's petition. Second, he contends that he was a party in interest. Therefore he argues, the lower court erred in dismissing his petition on the basis that he was not a party in interest.

**2.** 49 P.S. § 1508.

**3.** Pa.R.C.P. 3132.

**4.** Mr. Tenny appealed this decision to the Superior Court in *Wm. B. Tenny v. Wm. B. Tenny, Inc.*, No. 2575 October Term 1978. The Superior Court affirmed in an opinion filed on February 15, 1980. The Pennsylvania Supreme Court refused allocatur on August 29, 1980.

## I. PROCEDURAL ISSUE

■ Mr. Tenny is correct in asserting that the proper procedural response to the filing of a petition is to file an answer. *Goodrich-Amram* 2d 208:1. If a respondent to a petition has any objections to that petition, as Dauphin did in this case, then he should raise them in his answer. *Anderson Pennsylvania Civil Practice* 206.11.

■ If a respondent does file objections to a petition in a form other than an answer however, a court may treat those objections as an answer. *Moran v. Paine, Weber, Jackson and Curtis*, 422 Pa. 66, 220 A.2d 624 (1966), footnote 2. This power is based on Pennsylvania Rule of Civil Procedure 126. That rule gives a court the discretion to disregard, at every stage of any action or proceeding, any error or defect of procedure which does not effect any of the substantial rights of the parties.

■ In the case at hand, the lower court, in essence, treated Dauphin's petition as an answer.[5] The court finds that the lower court did not abuse its discretion in doing so.

The Court's finding is based on the fact that the lower court's decision to disregard Dauphin's error came after the lower court had decided, in a separate proceeding, that Mr. Tenny's mechanics' lien must be stricken. The decision to strike that mechanics' lien effectively decided the fate of Mr. Tenny's petition to set aside the sheriff's sale. Simply, if Mr. Tenny was to prevail on that petition, he had to be a party in interest. Pa.C.P. 3132.[6] Mr. Tenny's petition as a

5. The Court uses the term "in essence" because the lower court never indicated that it intended to treat Dauphin's petition to dismiss as an answer. However, by ruling on Dauphin's petition to dismiss, the lower court reached a decision on the merits of Mr. Tenny's petition. Hence, the lower court came to the same result it would have if it had treated Dauphin's petition to dismiss as an answer.

6. Pa.R.C.P. 3132 provides: "Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a re-sale or enter any other order which may be just and proper under the circumstances."

party in interest was based on his mechanics' lien. Once that mechanics' lien was stricken, Mr. Tenny was no longer a party in interest. Mr. Tenny, therefore, could not prevail on his petition.

As a result of this situation, the lower court would have only delayed the inevitable by refusing to rule on Dauphin's petition to dismiss Mr. Tenny's petition on the basis that it was not the proper responsive pleading to a petition. By disregarding that defect, the lower court reached the same decision it would have ultimately reached on the merits of Mr. Tenny's petition to set aside the sheriff's sale without any unnecessary or meaningless delay.

The court holds, therefore, that the lower court did not err in ruling on Dauphin's petition to dismiss Mr. Tenny's petition.

## II. SUBSTANTIVE ISSUE

■ The lower court dismissed Mr. Tenny's petition to set aside the sheriff's sale on the basis that he was not a party in interest. As indicated earlier, Mr. Tenny's status as a party in interest in his petition was based on his mechanics' lien. Once the lower court determined that the mechanics' lien was to be stricken, it had to dismiss Mr. Tenny's petition on the basis that he was not a party in interest.

Whether or not the lower court erred in dismissing Mr. Tenny's petition on that basis depends upon whether or not it erred in deciding to strike his mechanics' lien.

Mr. Tenny appealed the lower court's decision to strike his mechanics' lien. The superior court affirmed the lower court's decision to strike and the supreme court refused allocatur. (see footnote 4)

The Court holds, therefore, that the lower court did not err in dismissing Mr. Tenny's petition to set aside the sheriff's sale on the basis that he was not a party in interest.