J-S14004-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| HOUSING OPPORTUNITY PARTNERS REO, LLC, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARIANNE MEHALSHICK AND MICHAEL MEHALSHICK, | : | |
| | : | |
| APPEAL OF: MARIANNE MEHALSHICK | : | No. 2106 EDA 2013 |

Appeal from the Order entered June 26, 2013,
Court of Common Pleas, Northampton County,
Civil Division at No. C-48-CV-2006-6855I

| | | |
|---|---|---|
| HOUSING OPPORTUNITY PARTNERS REO, LLC, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARIANNE MEHALSHICK AND MICHAEL MEHALSHICK, | : | |
| | : | |
| APPEAL OF: MARIANNE MEHALSHICK | : | No. 624 EDA 2014 |

Appeal from the Order dated January 22, 2014,
Court of Common Pleas, Northampton County,
Civil Division at No. C-48-CV-2006-6855I

BEFORE:  DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MARCH 11, 2015**

Marianne Mehalshick ("Home Owner") appeals pro se from two orders entered by the Northampton County Court of Common Pleas.  The first is the June 26, 2013 order denying Home Owner's petition to open or strike the February 26, 2007 default judgment, which granted foreclosure of 234 James Avenue, Northampton, Pennsylvania 18067 ("the Property").

Wachovia Bank National Association ("Wachovia"), predecessor in interest to

Housing Opportunity Partners REO, LLC ("HOP"), filed the complaint seeking

foreclosure. The second order appealed from is the January 22, 2014 order

denying Home Owner's petition to set aside the sheriff's sale of the Property.

After careful review, we affirm.

The trial court[1] provided the following summary of the factual and

procedural histories of this case:

> This matter stems from a [c]omplaint in mortgage foreclosure filed on August 31, 2006. The [c]omplaint was filed by Wachovia [] as Trustee of the Secretary National Mortgage Loan Trust 2004-1 against [Home Owner] and Michael A. Mehalshick[FN]1 for failure to make payment on the mortgage on the [P]roperty …. A [p]raecipe for [j]udgment was entered on December 15, 2006 in the amount of … $87,624.89. This was later vacated as [Home Owner] filed a petition in [b]ankruptcy on November 21, 2006. On February 26, 2007, judgment in mortgage foreclosure was entered against [Home Owner] in the amount of … $87,624.89. On July 3, 2007, the [trial c]ourt granted Wachovia['s] [] [p]etition to [a]mend [j]udgment to the amount of … $110,111.68. [Home Owner] avers she paid … $2,500 prior to [the] [s]heriff's [s]ale, which stayed the [s]heriff['s] [s]ale. On December 3, 2009, Wachovia [] filed a [p]raecipe for [w]rit of [e]xecution in the amount of … $110,111.68. The Property was listed for [s]heriff's [s]ale on March 5, 2010. The [trial c]ourt ultimately continued the sale

---

[1] Two different judges of the Northampton County Court of Common Pleas entered the orders in question. The Honorable Michael J. Koury, Jr., decided Home Owner's motion to open or strike the judgment and the Honorable Emil Giordano decided Home Owner's motion to set aside the sheriff's sale. For ease of reference, we will refer to them both collectively and individually as the trial court.

in order to allow [Home Owner] to participate in the Northampton County Mortgage Foreclosure Conciliation Conference program.[FN]2 The [s]heriff's [s]ale was further continued by several [trial c]ourt [o]rders.

Subsequently, Wachovia [] assigned the mortgage to U.S. Bank National Association ["U.S. Bank"] on November 21, 2011. Then, on May 1, 2012, U.S. Bank assigned the mortgage to [HOP].

On November [21], 2012, [plaintiff's counsel] filed a [p]raecipe for [w]rit of [e]xecution. The [s]heriff's [s]ale was continued pending [Home Owner]'s [p]etition to [o]pen/[s]trike [j]udgment filed on March 14, 2013. The [p]etition was subsequently denied on June 26, 2013. [On July 24, 2013, Home Owner] appealed the [o]rder denying the [p]etition to [o]pen/[s]trike [j]udgment to the Superior Court and further [trial c]ourt [o]rders were entered granting [Home Owner]'s continuance of the [s]heriff's [s]ale.[FN]3 On August 5, 2013, [Home Owner] filed a [p]etition of [s]upersedeas and [s]tay of the [o]rder of [the trial c]ourt dated June 26, 2013. The [p]etition was denied the following day by the [trial court]. On August 7, 2013, [Home Owner] filed an [e]mergency [a]pplication for [s]upersedeas [p]ending [a]ppeal with the Superior Court. The Superior Court entered an Order denying the application the following day. On August 9, 2013, the [p]roperty was sold at [s]heriff's [s]ale to [HOP] for costs of … $8,615.61. Th[e] [p]etition to [s]et [a]side the [s]heriff's [s]ale was filed on September 9, 2013. This matter was listed on the December 17, 2013 [n]on-[j]ury [l]ist and in an [o]pinion and [o]rder dated January 22, 2014, [the trial c]ourt denied [Home Owner]'s [p]etition.

_____

[FN]1    [Home Owner] and Michael A. Mehalshick obtained the mortgage and purchased the Property in 1987. Pursuant to their divorce settlement, [Home Owner] became the sole owner of the Property …. Michael A. Mehalshick, though, was never removed

> from the mortgage. At this juncture of the proceeding, Michael A. Mehalshick has never entered an appearance.
>
> [FN]2 [Home Owner] was unable to participate in this program because Michael Mehalshick was still listed as a mortgagor and was not present.
>
> [FN]3 Sherriff's [s]ales were scheduled but ultimately continued on the following dates: May 10, June 7, July 6, and August 9, 2013.

Trial Court Opinion, 4/22/14, at 1-3 (footnotes in the original; record citation omitted).

Based upon Home Owner's failure to file the required docketing, this Court dismissed the appeal from the June 26, 2013 order on September 20, 2013. *See* Order, 9/20/13; Pa.R.A.P. 3517. On February 21, 2014, Home Owner filed a notice of appeal from the trial court's January 22, 2014 order. On February 27, 2014, Home Owner filed an application to reinstate the appeal from the June 26, 2013 order, which we granted on March 17, 2014. On March 18, 2014, this Court sua sponte consolidated the appeals.

Home Owner raises the following three issues for our review:

1. Is the mortgage foreclosure complaint defective by virtue of the fact that it does not identify the various assignments of the mortgage and does not allege that Wachovia is the "legal owner" of the mortgage?

2. Were any of the parties that appeared as plaintiffs after the entry of the default judgment properly substituted for the original plaintiff or otherwise entitled to execute?

3. Should the lower court have ordered an evidentiary hearing to determine the fair market value of the property sold at sheriff's sale and to consider [Home Owner]'s allegation that the judgment amount was incorrect?

Home Owner's Brief at 6.

The first issue raised on appeal challenges the trial court's denial of Home Owner's request to strike the default judgment. **See id.** at 19-20.

> With regard to a motion to strike a default judgment, a court may only look at the facts of record at the time judgment was entered to decide if the record supports the judgment. A petition to strike does not involve the discretion of the court. A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters outside of the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken.
>
> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. Where a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter a default judgment and the default judgment will be considered void.

**Wells Fargo Bank, N.A. v. Lupori**, 8 A.3d 919, 920-21 (Pa. Super. 2010) (internal citations and quotation marks omitted).

Home Owner raises two arguments in support of her first issue on appeal. First, Home Owner asserts that the complaint violated Rule 1147(a)(1) of the Pennsylvania Rules of Civil Procedure[2] because "it did not

---

[2] Rule 1147(a)(1) states: "The plaintiff shall set forth in the complaint: (1) the parties to and the date of the mortgage, and of any assignments, and a

- 5 -

identify the various assignments of the mortgage," instead identifying only the bank that originally held the mortgage (Keystone Savings Association) and indicating that the mortgage was subsequently assigned to Wachovia. Home Owner's Brief at 21-23. Second, Home Owner claims that Wachovia failed to identify itself as the "legal owner" of the mortgage in the complaint, rendering the complaint defective. *Id.* at 21, 23-24. Our review of the record reveals that Home Owner failed to raise these arguments before the trial court below.[3] The law is clear: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Home Owner likewise failed to include these arguments in her concise statement of errors complained of on appeal, which also compels a finding of waiver. *See* Concise Statement of Errors Complained of on Appeal, 8/19/13. "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived. Pa.R.A.P. 1925(b)(4)(vii). We are thus constrained to find these arguments waived.

In her second issue raised on appeal, Home Owner argues that both U.S. Bank and HOP lacked standing to enforce the judgment obtained by

_____

statement of the place of record of the mortgage and assignments[.]" Pa.R.C.P. 1147(a)(1).

[3] In her appellate brief, Home Owner states that she raised these arguments in her petition to strike the judgment and in her proposed answer to the complaint. Home Owner's Brief at 16. We have thoroughly reviewed both documents and observe that neither includes the arguments raised in support of the first issue on appeal. *See* Defendant[']s Petition to Open / Strike Judgment, 3/14/13; Proposed Answer to Complaint & New Matter, 3/14/13.

Wachovia or to execute that judgment. Home Owner's Brief at 24-30. She observes that Wachovia, and subsequently U.S. Bank, filed praecipes for voluntary substitution pursuant to Rule 2352 of the Pennsylvania Rules of Civil Procedure[4] following the assignment of the mortgage from Wachovia to U.S. Bank and then from U.S. Bank to HOP. *Id.* at 25. Wachovia filed its praecipe on November 29, 2011, substituting U.S. Bank as plaintiff, and the caption in the case changed to name U.S. Bank as the plaintiff. *Id.* U.S. Bank filed its praecipe on November 21, 2012, substituting HOP as plaintiff, but the caption remained the same, with U.S. Bank identified as the sole named plaintiff in the case. *Id.* at 25-26. Home Owner asserts that this was error, as "all actions must be prosecuted and in the name of the real party in interest." *Id.* at 29 (citing Pa.R.C.P. 2002(a)).

The trial court found no error pursuant to Rule 2004 of the Pennsylvania Rules of Civil procedure, which states:

---

[4] This Rule states:

> (a) The successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based.
>
> (b) If the successor does not voluntarily become a party, the prothonotary, upon praecipe of an adverse party setting forth the material facts shall enter a rule upon the successor to show cause why the successor should not be substituted as a party.

Pa.R.C.P. No. 2352.

> If a plaintiff has commenced an action in his or her own name and thereafter transfers the interest therein, in whole or in part, the action may continue in the name of the original plaintiff, or upon petition of the original plaintiff or of the transferee or of any other party in interest in the action, the court may direct the transferee to be substituted as plaintiff or joined with the original plaintiff.

Pa.R.C.P. 2004; *see* Trial Court Opinion, 5/20/14, at 28. The trial court concluded that, "[u]nder Rule 2004, [HOP] had standing to enforce the default judgment and was entitled to prosecute the action in the name of U.S. Bank. Thus, the fact that [HOP] was not named as the [p]laintiff in the caption does not constitute a fatal defect on the face of the default judgment." Trial Court Opinion, 5/20/14, at 28.

In response, Home Owner states that the trial court's reasoning is unsupportable under the facts of the case, as "no party petitioned the court under [Rule 2004] to substitute parties." Home Owner's Brief at 27. Home Owner does not include any citation in support of her claim that Rule 2004 is a separate procedural mechanism for the substitution of a party. The plain language of the rule does not support such a conclusion; rather, it simply provides that in the event a party transfers his or her interest in a pending action, it is not necessary to add the transferee to the case caption unless the transferee or another party in interest requests that this occur. Pa.R.C.P. 2004. As stated by our Supreme Court, "Rule 2004 permits an action to proceed in the name of the original plaintiff if the assignment of

interest occurred after the plaintiff has commenced an action." ***Cole v. Price***, 788 A.2d 621, 623 (Pa. 2001) (quotation marks omitted).

In the case at bar, HOP elected to continue prosecuting the foreclosure action in U.S. Bank's name after U.S. Bank executed its praecipe to substitute HOP as plaintiff following the assignment of Home Owner's mortgage to HOP. Neither Home Owner nor any other interested party requested the removal of U.S. Bank or the addition of HOP to the caption in the case. As such, we find no error in the trial court's conclusion.[5]

As her third and final issue on appeal, Home Owner argues that the trial court "erroneously refused to order an evidentiary hearing" regarding the fair market value of the Property, as the valuation given by the trial court "was much too low." Home Owner's Brief at 31-32. Our review of the record reveals that the trial court did hold a hearing on Home Owner's petition to set aside the sheriff's sale, and at that hearing, Home Owner presented no evidence of the value of the Property.[6] ***See generally*** N.T., 12/17/13.

_____

[5] Home Owner goes on to argue that U.S. Bank and HOP lacked standing to participate in the action because they did not qualify as "successors" as defined by Pa.R.C.P. 2351, and thus, their substitutions pursuant Pa.R.C.P. 2352 should not have been permitted. Home Owner's Brief at 28-29. Once again, as Home Owner failed to raise this argument before the trial court or in her 1925(b) statement, it is waived. ***See*** Pa.R.A.P. 302(a), 1925(b)(4)(vii).

[6] "As a general rule, the burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant, and the application to set aside a sheriff's sale may be refused because of the

The trial court relied upon the tax and property assessment valuation attached to Home Owner's petition to set aside the sheriff's sale, which valued the land and building of the Property to be $151,600, and also considered her unsupported claim in her petition that the Property was worth "in excess of $202,653," in deciding the appropriate valuation. Trial Court Opinion, 4/22/14, at 5-7; *see also* Petition to Set Aside Sheriff's Sale of Real Property, 9/13/13, ¶ 22(d) & Exhibits A & F. Considering the amount paid in costs by HOP at the sheriff's sale ($8615.61); the outstanding amount owed by Home Owner on the mortgage, according to the judgment entered ($110,111.68);[7] and accrued interest since the entry of judgment ($42,607.40), the trial court found the sale price was $161,334.69. Trial Court Opinion, 4/22/14, at 6-7. As this amount was between 79 percent

___

insufficiency of proof to support the material allegations of the application, which are generally required to be established by clear evidence." **Bank of Am., N.A. v. Estate of Hood**, 47 A.3d 1208, 1211 (Pa. Super. 2012) (internal citations omitted), *appeal denied*, 60 A.3d 534 (Pa. 2012).

Home Owner states that she "produced a homeowner's insurance policy indicating that the dwelling was insured for $280,000 and other structures for $28,000, for a total of $308,000." Home Owner's Brief at 32. The record reflects that she presented this evidence for the first time in support of her motion to reconsider the denial of her petition to set aside the sheriff's sale. **See** Defendant's Motion for Reconsideration, 2/20/14, at Exhibit 2. As we have previously stated, the trial court properly refuses to consider new arguments and evidence presented for the first time in a motion for reconsideration. **Kelly v. Siuma**, 34 A.3d 86, 94 n.8 (Pa. Super. 2011), *appeal denied*, 42 A.3d 294 (Pa. 2012).

[7] "This Court has held that the outstanding mortgage balance must be considered in determining the adequacy of the sale price." **Bank of Am.**, 47 A.3d at 1211 (citation and quotation marks omitted).

and 106 percent of the purported value of the Property, the trial court concluded it was not grossly inadequate[8] and did not grant Home Owner's petition to set aside the sheriff's sale on that basis. *Id.* at 7.

"Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." Pa.R.C.P. 3132. "Equitable considerations govern the trial court's decision to set aside a sheriff's sale. This Court will not reverse the trial court's decision absent an abuse of discretion." *Bank of Am., N.A. v. Estate of Hood*, 47 A.3d 1208, 1211 (Pa. Super. 2012) (internal citations omitted), *appeal denied*, 60 A.3d 534 (Pa. 2012). Finding no abuse of discretion in the trial court's decision, we affirm.

Orders affirmed.

---

[8] "Where a sale is challenged based upon the adequacy of the price our courts have frequently said that mere inadequacy of price standing alone is not a sufficient basis for setting aside a sheriff's sale. However where a 'gross inadequacy' in the price is established courts have found proper grounds exist to set aside a sheriff's sale. The courts have traditionally looked at each case on its own facts. It is for this reason that the term 'grossly inadequate price' has never been fixed by any court at any given amount or any percentage amount of the sale. Further, it is presumed that the price received at a duly advertised public sale is the highest and best obtainable." *Id.*

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2015