J-S55005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| US BANK NA (AS TRUSTEE) | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMY L. COCCA AND CHRISTOPHER | : | |
| M. COCCA | : | |
| | : | No. 2346 EDA 2017 |
| Appellants | : | |

Appeal from the Order Entered July 21, 2017
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2016-C-0725

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 05, 2018**

Appellants, Amy L. Cocca and Christopher M. Cocca, appeal from the order entered on July 21, 2017, denying their petition to set aside a sheriff's sale.  We affirm.

On February 29, 2016, U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-1 (hereinafter "Plaintiff"), filed a complaint in mortgage foreclosure against Appellants and claimed that Appellants defaulted upon their residential mortgage.  Plaintiff sought an *in rem* judgment in mortgage foreclosure against Appellants in the amount of $93,104.05, plus interest.  Plaintiff's Complaint, 2/29/16, at 1-5.

Appellants did not file a responsive pleading to the complaint and, on December 16, 2016, the prothonotary entered a default judgment, *in rem*, in

favor of Plaintiff and against Appellants. Judgment, 12/16/16, at 1. On April 28, 2017, the residential property was sold, at sheriff's sale, to an individual named Youngkyu Lee. **See** Sheriff's Averment, 4/28/17, at 1.

On June 5, 2017, Appellants filed their first Petition to Set Aside Sheriff's Sale (hereinafter the "First Petition"). Within the petition, Appellants claimed that the sheriff's sale must be set aside because "immediately after the [s]heriff's [s]ale . . . , the third-party high-bidder violated Pennsylvania law by entering into the property, taking non-abandoned personalty, ripping [out] built-in cabinets, destroying[,] and stealing." Appellants' First Petition, 6/5/17, at ¶ 3 (some internal capitalization omitted). The trial court denied Appellants' First Petition by order entered June 19, 2017. Trial Court Order, 6/19/17, at 1.

Appellants filed a substantively identical second Petition to Set Aside Sheriff's Sale (hereinafter the "Second Petition") on June 19, 2017.[1] Within this Second Petition, Appellants again claimed that they were entitled to relief because, after the sale, "the third-party high-bidder . . . enter[ed] into the property, t[ook] non-abandoned personalty, ripp[ed] [out] built-in cabinets, destroy[ed,] and st[ole]." Appellants' Second Petition, 6/19/17, at ¶ 9 (some internal capitalization omitted). The trial court denied Appellants' Second

---

[1] Appellants filed the Second Petition because, they contended, the trial court denied the First Petition without prejudice. Appellants' Second Petition, 6/19/17, at ¶ 1.

Petition on July 21, 2017. Trial Court Order, 7/21/17, at 2. As the trial court explained:

> in this case the actions complained of by the [Appellants] were not done by the Plaintiff or its agents, but instead were done by a third party who was a successful bidder at the April 28, 2017 sheriff sale. Even if the court [were] determined to exercise its discretion under [Pennsylvania Rule of Civil Procedure 3132] (which it is not doing today) it was a third party and not the Plaintiff which caused the damage claimed by the [Appellants]. That third party is not part of this action. When pressed by the [trial] court[, Appellants] counsel acknowledged that no authority was on point in which our appellate courts, or even this or other common pleas courts, granted the relief [Appellants] were requesting here under the factual circumstances presented here. Our own review of applicable statutory and case law does not support this court granting the relief [Appellants] request. To the extent [Appellants] are asking the court to change the law, we note it is not a trial court's role to create law. We are bound by the applicable authority and we apply it here to deny this petition.

Trial Court Order, 7/21/17, at 2 n.3 (some internal capitalization omitted).

Appellants filed a timely notice of appeal from the trial court's July 21, 2017 order. Appellants raise one claim on appeal:

> For a petition to set aside a Sheriff's Sale, are the grounds for such relief limited to actions of the Plaintiff?

Appellants' Brief at 5 (some internal capitalization omitted).

Pennsylvania Rule of Civil Procedure 3132 provides:

> Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132.

As this Court has explained:

> [under Rule 3132,] the relevant inquiry is whether proper cause has been shown to set aside the sheriff's sale. The decision to set aside a sheriff's sale is within the sound discretion of the trial court. A petition to set aside a sheriff's sale is based on equitable principles. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner, and the request to set aside a sheriff's sale may be refused due to insufficient proof to support the allegations in the petition. Sheriff's sales have been set aside where the validity of the sale proceedings is challenged, a deficiency pertaining to the notice of the sale exists, or where misconduct occurs in the bidding process. This court will not reverse the trial court's decision absent a clear abuse of discretion.

***Irwin Union Nat'l Bank & Trust Co. v. Famous***, 4 A.3d 1099, 1102 (Pa. Super. 2010) (internal quotations and citations omitted).

In the case at bar, Appellants do not challenge the validity of the sale proceedings and Appellants have never claimed that "a deficiency pertaining to the notice of the sale exists" or that misconduct occurred in the bidding process. Rather, Appellants demanded that the trial court set aside the sheriff's sale because, **after the sale**, **the third-party high-bidder** "enter[ed] into the property, t[ook] non-abandoned personalty, ripp[ed] [out] built-in cabinets, destroy[ed,] and st[ole]" from the property. Appellants' Second Petition, 6/19/17, at ¶ 9 (some internal capitalization omitted).

However, Appellants' allegations and averments do not show "proper cause" to set aside the sale. ***See*** Pa.R.C.P. 3132. To be sure, Plaintiff did not perform the actions of which Appellants complain – rather, all of the actions

were, allegedly, performed by the third-party high-bidder. Moreover, setting aside the sheriff's sale would do nothing to cure the injustices that the third-party high-bidder allegedly inflicted upon Appellants. *See* 8A GOODRICH AMRAM 2d § 3132:5 ("As a general rule, the power to set aside will be exercised whenever necessary to avoid injustice to the aggrieved party, such as where a failure to comply with the provisions of the execution Rules results in prejudice to any party in interest"). Setting aside the sale would not restore or recompense Appellants for the fixtures and property that the third-party high-bidder allegedly destroyed or stole.[2]

Simply stated, Appellants' remedy in this case lies in a civil action, against the third-party high-bidder, for damages – not in a petition to set aside the sheriff's sale.

Order affirmed. Jurisdiction relinquished.

---

[2] Within Appellants' brief, Appellants analogize the current case to instances where sheriff's sales have been set aside because of a gross inadequacy of price. *See* Appellants' Brief at 13-19; *see*, *e.g.*, *Bank of Am. v. Estate of Hood*, 47 A.3d 1208, 1211 (Pa. Super. 2012) ("where a 'gross inadequacy' in the price is established[,] courts have found proper grounds exist to set aside a sheriff's sale") (internal quotations and citations omitted). Appellants' analogy is unpersuasive. Where a gross inadequacy of price exists, setting aside a sheriff's sale will, indeed, cure the injustice to the aggrieved party. This is because the action permits the bidding process to begin anew, with the expectation that the new process will lead to a sales price closer to market value. Contrariwise, in the case at bar, setting aside the sheriff's sale would do nothing to remedy Appellants' alleged injustices, as setting aside the sale would not replace or reimburse Appellants for the stolen and damaged property.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/18