687 A.2d 390

**FARMERS FIRST BANK**

v.

**Jesse C. WAGNER, II, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1996.

Filed Jan. 9, 1997.

108

Eugene R. Campbell, York, for appellant.

Barry N. Handwerger, Landcaster, for appellee.

Before CIRILLO, President Judge Emeritus, HOFFMAN, J., and CERCONE, President Judge Emeritus.

HOFFMAN, Judge:

This is an appeal from a March 22, 1996 order denying appellant Jesse C. Wagner's motion to stay a sheriff's sale. Appellant raises the following issues for our review:

I. Did the Lower Court err in denying Appellant's Motion to Stay Sheriff's Sale?

II.   Was appellant entitled to relief under Act VI because [appellee] did not stop the Sheriff's Sale when appellant tendered the arrears prior to the sale?

Appellant's Brief at 1.

On February 9, 1994, appellee Farmers First Bank filed a complaint in mortgage foreclosure against appellant on property owned by appellant at 246 West Front Street, Marietta, Pennsylvania, due to appellant's failure to make the mortgage payments.   The property was subsequently sold on July 28, 1995 at a sheriff's sale, where appellant was the successful bidder for the property with a $23,500.00 bid, of which he paid $4,700.00.   On August 23, 1995, appellant filed exceptions to the sheriff's distribution schedule.[1]   Appellee thereafter filed a petition requesting that the trial court direct appellant to pay the balance of $18,800.00 into court or lose all rights to the property.   The trial court granted the petition, and as appellant failed to make the ordered payment, appellee filed another writ of execution, scheduling the property for a sheriff's sale on March 22, 1996.   Appellant filed a motion to stay the sale, which the trial court denied, thus permitting the sheriff's sale to proceed as scheduled.   On March 22, 1996, the day of the sheriff's sale, appellant filed this appeal from the order denying his motion for a stay.

It is well-settled that an appeal will lie only from a final order unless otherwise permitted by statute or rule.[2]   Pa. R.A.P. 341.   In addition, an interlocutory appeal as of right will lie from orders that are interlocutory in nature.   *See* Pa. R.A.P. 311 (an appeal may be taken as of right from orders affecting judgments, attachments, changes of venue, injunctions, new trials, partition, or other cases made appealable by statute or rule).

1.   Appellant's exceptions claimed that the taxes, water, sewer and trash bills should be paid through the bankruptcy and not through the distribution of the sale proceeds;  that the amount to be paid the executing creditor exceeded the amount owed it;  and that the transfer tax was incorrectly calculated.

2.   Appellant has failed to provide a Statement of Jurisdiction in his brief as required by Pa. R.A.P. 2111.

Here, the trial court's denial of appellant's motion for a stay neither effectively ended the litigation, nor ended the case, and it is therefore interlocutory. However, as this matter does not fall within Rule 311, it is not appealable as of right. *Grimme Combustion v. Mergentime Corp.*, 385 Pa.Super. 260, 262, 560 A.2d 793, (1989) (order refusing to grant a stay was not appealable), *appeal denied,* 528 Pa. 611, 596 A.2d 157 (1989).

Accordingly, the appeal is quashed.[3]

3. We note that the method for challenging a completed sheriff's sale is for the aggrieved party to file a petition to set aside the sale. *See* pa. R.C.P. 3132 (a party in interest may petition to set aside a sheriff's sale); *see also National Penn Bank v. Shaffer,* 448 Pa.Super. 496, 672 A.2d 326 (1996) (petition to set aside sheriff's mortgage foreclosure sale is based on equitable principles). An appeal properly lies from the trial court's refusal to set aside the sale. *First Eastern Bank v. Campstead,* 432 Pa.Super. 241, 637 A.2d 1364 (1994) (appeal lies from order dismissing party's exceptions to sheriff's sale and petition to set aside sale).