J-S42012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STEPHEN J. BYERS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERNEST E. LIGGETT AND MARILYN KOSTIK LIGGETT | |
| Appellants | No. 1730 WDA 2013 |

Appeal from the Order September 30, 2013
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): GD 09-013539

BEFORE:  PANELLA, J., JENKINS, J., and MUSMANNO, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED SEPTEMBER 23, 2014**

Appellants, Ernest E. Liggett and Marilyn Kostik Liggett, appeal *pro se* from the order denying their Motion to Postpone or Stay Sheriff's Sale entered September 30, 2013, by the Honorable Alan David Hertzberg, Court of Common Pleas of Allegheny County.   We quash the appeal as interlocutory.

This appeal is one in a long line of attempts by Appellants to postpone a sheriff's sale of real property located in Allegheny County.  In the fall of 2006, Appellants obtained short-term loans from Appellee, Stephen J. Byers, along with his agreement to purchase additional parcels of real property located in Brownsville, Fayette County for use in real estate development. When Appellants failed to repay the loans or purchase the additional property, the parties entered into a settlement agreement in the Court of

Common Pleas of Fayette County that required Appellants to either pay Byers a specified sum of money within 45 days or have judgment entered against them. When Appellants did not pay the money within the agreed upon timeframe, Byers entered judgment against Appellants in Fayette County for $145,000.00.

In July 2009, Byers transferred the judgment to Allegheny County, and issued a Writ of Execution for the sale of personalty and realty located at 43 Brownstone Road, Pittsburgh, Pennsylvania 15235. Over the following years, Appellants have filed various motions to stay or obviate the proceedings, all of which have been denied by the trial court and affirmed by this Court. Relative to the instant proceedings, on September 20, 2013, Appellants filed yet another Motion to Stay or Postpone a Sheriff's Sale scheduled for November 4, 2013. The trial court denied Appellants' motion on September 30, 2013. This timely appeal followed.

An appeal will lie only from a final order unless otherwise permitted by statute or rule. *See* Pa.R.A.P. 341. Further, an interlocutory appeal as of right will lie from orders that are interlocutory in nature. *See* Pa.R.A.P. 311 (an appeal may be taken as of right from orders affecting judgments, attachments, changes of venue, injunctions, peremptory judgment in mandamus, new trials, partition, or other cases made appealable by statute or rule).

Instantly, as the trial court's order denying Appellants' motion to stay did not effectively end the litigation or terminate the proceedings, it is

- 2 -

interlocutory. This Court has further held that an order denying a motion to stay is not appealable as of right. *See Farmers First Bank v. Wagner*, 687 A.2d 390, 391-392 (Pa. Super. 1997) (order refusing to grant motion to stay not appealable). Accordingly, we are constrained to quash Appellants' appeal as interlocutory.

Appeal quashed. Jurisdiction relinquished.


Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/23/2014