J-A03017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FAIRWAY CONSUMER DISCOUNT COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES LASKOWSKI AND KAREN LASKOWSKI | |
| Appellants | No. 971 MDA 2014 |

Appeal from the Order May 6, 2014
In the Court of Common Pleas of Luzerne County
Civil Division at No: 2012-01784

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 27, 2015**

Appellants, Charles and Karen Laskowski, *pro se*, appeal from the May 6, 2014 order granting the motion for reconsideration of Appellee, Fairway Consumer Discount Company ("Fairway").  The May 6, 2014 order effectively reinstated the judgment in foreclosure in favor of Fairway and vacated the order setting aside a sheriff's sale.  We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

The sole issue on appeal[1] is the validity of Fairway's Act 6[2] notice. Fairway sent the notice to Appellants at the address of the mortgaged property, 71 George Street, **Plymouth Township**, Pennsylvania 18634. Appellants allege their legal address is 71 George Street, **Nanticoke**, Pennsylvania 18634. At a hearing on this issue, a local postal worker testified that mail would arrive at the same location with either address. Appellants nonetheless argue the Act 6 notice is defective and that they never received it.

Fairway commenced this mortgage foreclosure action on February 15, 2012 and obtained a default judgment on April 4, 2012. A sheriff's sale was scheduled for August 10, 2012 but postponed on several occasions due to Appellants' bankruptcy action and various petitions to stay the sale or strike the judgment in foreclosure. The sheriff's sale finally took place on October 4, 2013, and Fairway was the successful bidder. On October 18, 2013, Appellants filed a petition to set aside the Sheriff's sale and vacate the judgment in foreclosure. The trial court heard oral argument on that motion

---

[1] Appellants include several other issues in their statement of questions presented, but none of those were raised before the trial court or preserved in their concise statement of matters complained of on appeal. As such, the remaining issues are waived. Pa.R.A.P. 302(a), 1925(b)(4)(vii).

[2] 41 P.S. § 403 (commonly known as Act 6) requires a lender to provide notice to a borrower of the lender's intent to foreclose on a mortgage. 41 P.S. § 403.

on December 23, 2013[3] and granted the motion on December 27, 2013. Fairway filed a motion for reconsideration on January 23, 2014, which the trial court granted the same day. At an April 3, 2014 hearing on the motion for reconsideration, Fairway presented the testimony of a local postal employee. No other witnesses testified. On May 6, 2014, the trial court entered the order on appeal, which vacated the December 27, 2013 order. In effect, the order on appeal reinstated the judgment in foreclosure and denied Appellants relief on their petition to set aside the sheriff's sale.[4] Appellants filed this timely appeal.

"Equitable considerations govern the trial court's decision to set aside a sheriff's sale." *Bank of Am., N.A. v. Estate of Hood*, 47 A.3d 1208, 1211 (Pa. Super. 2012), *appeal denied*, 60 A.3d 534. "This Court will not reverse the trial court's decision absent an abuse of discretion." *Id.*

---

[3] The certified record does not include a transcript of the December 23, 2013 hearing.

[4] Since the order on appeal effectively denies relief on Appellants' motion to set aside a sheriff's sale, it is an appealable order. *Farmers First Bank v. Wagner*, 687 A.2d 390, 392 n.3 (Pa. Super. 1997). We further observe that Appellants' June 6, 2014 notice of appeal is one day late. *See* Pa.R.A.P. 903(a) (appeal must be filed within 30 days of the order from which the appeal is taken). In this case, the docket fails to reflect that notice of entry of the order has been provided to the parties, in accordance with Pa.R.C.P. No. 236. Given the absence in the docket of the Rule 236 notice, we will not quash this appeal as untimely. *Vertical Res., Inc. v. Bramlett*, 837 A.2d 1193, 1199 (Pa. Super. 2003).

> As a general rule, the burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant, and the application to set aside a sheriff's sale may be refused because of the insufficiency of proof to support the material allegations of the application, which are generally required to be established by clear evidence.

*Id.*

Appellants argue the trial court lacked subject matter jurisdiction over this foreclosure action because Fairway failed to comply § 403. That section provides in pertinent part:

> (a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section.

> (b) Notice of intention to take action as specified in subsection (a) of this section shall be in writing, sent to the residential mortgage debtor by registered or certified mail **at his last known address** and, if different, at the residence which is the subject of the residential mortgage.

41 P.S. § 403(a), (b) (emphasis added).

Appellants' cite ***Marra v. Stocker***, 615 A.2d 326 (Pa. 1992), as authority that a defective Act 6 notice deprives the trial court of subject matter jurisdiction over a foreclosure action. The ***Marra*** Court held that a sheriff's sale should be set aside where the owners of record, who purchased the subject property at a tax upset sale, did not receive notice of the foreclosure action from the mortgagee bank. ***Id.*** at 327. The ***Marra***

majority decided the appeal under the equitable principles cited above, and did not expressly treat an Act 6 notice as a jurisdictional prerequisite to a foreclosure action. The dissent noted that no Pennsylvania appellate court had treated Act 6 as such. *Id.* at 331 n.4 (Zappala, J., dissenting).

Fairway relies on ***Beneficial Consumer Discount Co. v. Vukman***, 77 A.3d 547 (Pa. 2013), as persuasive authority that a defective Act 6 notice does not implicate the trial court's subject matter jurisdiction. The ***Vukman*** Court held that a technical deficiency in an Act 91 notice[5] did not deprive the courts of subject matter jurisdiction over a mortgage foreclosure action. ***Id.*** at 553 ("The [foreclosure] action does not include the procedural requirements of acting on that cause. Appellee's overarching assertion that Act 91 imposes jurisdictional prerequisites on mortgage foreclosure actions is not supportable."). Fairway asserts the same result should obtain with regard to Act 6. Fairway also notes that Appellants have raised the issue on appeal unsuccessfully on several earlier occasions during this foreclosure proceeding. Fairway therefore asserts that the earlier, unappealed trial court rulings constitute law of the case.

We need not address whether subject matter jurisdiction and/or law of the case provide valid alternate bases upon which to affirm the trial court. The trial court found Fairway complied with Act 6, and we believe the record

---

[5] ***See*** 35 P.S. §§ 1680.401c *et seq.*

conclusively establishes that finding was correct. At the April 3, 2014 hearing, Fairway introduced the testimony of Eric Wanyo ("Wanyo"), a United States Postal Service employee serving as the supervisor of customer service for Nanticoke, Pennsylvania, 18634. N.T. Hearing, 4/3/14, at 4. Wanyo testified that a letter addressed to 71 George Street in ZIP code 18634 would go to the same house regardless of whether the municipality was designated as Plymouth Township, Nanticoke, or West Nanticoke. *Id.* at 4-5.

Additionally, at the April 3 hearing, counsel for Fairway introduced requests for admissions that had been served on Appellants. Appellants' counsel consented to the admission into evidence of that document, and stated, "For purposes of this hearing, we agree with the admissions." *Id.* at 3. Among those admissions was that Appellants last known address was the 71 George Street property (hereinafter the "Mortgaged Property"). Plaintiff's First Request for Admissions, 4/2/14, at ¶ 2. Appellants also admitted that mail addressed to 71 George Street in Nanticoke, West Nanticoke, or Plymouth Township would be delivered to the Mortgaged Property. *Id.* at ¶¶ 12-14. Certified mail receipts indicate that a postal employee attempted to deliver the Act 6 notice to Appellants at the Mortgaged Property and left notice of the attempt at the Mortgaged Property. *Id.* at ¶¶ 8-9. Fairway also sent the Act 6 notice by first class mail to the Mortgaged Property and that mail was not returned to Fairway. *Id.* at ¶ 10. Appellants also

admitted the Luzerne County sheriff served the complaint in foreclosure, notice of intent to take default judgment and notice of entry of default judgment on Appellants at the Mortgaged Property. *Id.* at 19-20.

Given all of the foregoing, the record establishes that Fairway complied with the letter of § 403(b) by sending notice of the foreclosure action to Appellants by certified mail at their last known address.[6]  We therefore affirm the trial court's order.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015

---

[6]  Given the circumstances of this case, we believe a statutory construction analysis of § 403 is unnecessary.