J-S19039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BAYVIEW LOAN SERVICING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM C. PLOUFFE, JR. | : | |
| | : | |
| Appellant | : | No. 795 MDA 2016 |

Appeal from the Order Entered April 18, 2016
In the Court of Common Pleas of Berks County
Civil Division at No(s): 15-3035-01

BEFORE:   GANTMAN, P.J., BENDER, P.J.E. and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED MARCH 29, 2017**

William C. Plouffe, Jr., (hereinafter "Appellant") appeals *pro se* from the April 18, 2016, Order denying his motion for reinstatement into the Berks County Residential Mortgage Foreclosure Diversion Program (Diversion Program).[1]   Because the order is interlocutory and not a collateral order appealable under Pa.R.A.P. 313(b), we quash the present appeal.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] We note that on September 8, 2010, then Chief Justice of the Pennsylvania Supreme Court Ronald D. Castille directed the president judges of county courts to consider creating mortgage foreclosure diversion programs "to effectively deal with the large numbers of foreclosure filings relating to single family residential properties, and to present a means by which these cases could be worked out by mutual agreement of the parties, when possible." Samuel W. Milkes, "*Mortgage Foreclosure Diversion Programs: An Aid to Homeowners and Lenders—A Case Management Tool for Courts,*" 83 Pa.B.A.Q. 93, 94 (July 2002). The corresponding announcement issued by the Administrative Office of the Pennsylvania Courts stated that mortgage foreclosure mediation programs assist in helping lenders avoid the need to

*(Footnote Continued Next Page)*

On March 13, 2015, Bayview Loan Servicing, LLC (hereinafter "Appellee") filed a Complaint in Mortgage Foreclosure against Appellant along with a Notice and Certification concerning the Diversion Program. Prior thereto, on December 3, 2007, Appellant and William C. Plouffe, Sr., had executed and delivered a Note and Mortgage to Mortgage America, Inc., in the original principal amount of $137,750.00. *See* Complaint in Mortgage Foreclosure, filed 3/13/15, at ¶ 5.[2] The Mortgage, secured by real property located at 215 Highland Avenue, Kutztown, PA 19530, and corresponding Note were transferred to Appellee. *Id*. at ¶¶ 5-8. Appellant has failed to make payments on the Mortgage since August 1, 2014. *Id*. at ¶ 10.

On March 19, 2015, a Conciliatory Conference Scheduling Order was entered scheduling a conciliation conference for July 9, 2015, and staying the proceedings pending further order of court. On July 8, 2015, Appellant filed *pro se* his "Motion for Continuance Motion for Maintenance of Stay" wherein he explained he had been hospitalized for various illnesses and would be unable to attend the conciliation conference scheduled for the next day. The conference was continued to August 13, 2015, at which time both

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

foreclose and take possession of one's home and offer opportunities for residential, owner-occupied properties. *Id.* at 95.

[2] William C. Plouffe, Sr. passed away prior to the initiation of the instant proceeding, and Appellant became the sole owner of the mortgaged premises by operation of law as the surviving tenant by the entirety. *See* Complaint in Mortgage Foreclosure, filed 3/13/15, at ¶ 13.

parties appeared. Thereafter, another Conciliatory Conference Disposition Order was entered on August 18, 2015, wherein a second conciliation conference was scheduled for November 12, 2015; both parties appeared at that time. While Appellee asserts that at the conclusion of the conciliation conference the conciliator orally announced the next one would be held on January 21, 2016, a transcript of the conference, if one had been prepared, does not appear in the certified record.[3] Notwithstanding, the docket entries indicate a Conciliatory Conference Disposition Order scheduling the conference for January 21, 2016, was mailed to both parties on November 24, 2016.

Appellant failed to appear at the January 21, 2016, hearing, and a third Conciliatory Conference Disposition Order was entered indicating that in light of Appellant's failure to comply with one or more terms of the Conciliatory Conference Scheduling Order, the stay of the proceedings was lifted and the action was removed from the Diversion Program. In addition, Appellant was given leave to file a pleading in response to Appellee's Complaint in Mortgage Foreclosure no later than twenty (20) days from the date of the Order.

---

[3] It is an appellant's responsibility to ensure that all documents necessary for this Court's review of his claims appear in the certified record. *See C. v. B.D.G.*, 959 A.2d 362, 372 (Pa.Super. 2008).

On January 28, 2016, Appellant filed his *pro se* "Motion for Reinstatement to Diversion Program," wherein he maintained that following the November 12, 2015, conference he understood the next one was to be held on January 28, 2016. Appellant explained he never received a written continuance order indicating the conference was to be held on January 21, 2016, and when he appeared on January 28, 2016, he learned the scheduling order had been mailed to 215 Highland Ave, Kutztown, PA. Appellant claimed he had submitted previously a mailing address change to the Prothonotary with the address P.O. Box 23, Kutztown, PA 19530 as he "does not get **much** mail at 215 Highland Ave" *Id*. at 1 (emphasis added).

The trial court issued a rule upon Appellee to show cause as to why Appellant should not be reinstated into the Diversion Program. The trial court directed Appellee to file and serve its response on or before February 29, 2016, and scheduled oral argument for March 14, 2016. Oral argument was continued to April 8, 2016, at which time both parties appeared before the trial court. Thereafter, the trial court issued its April 8, 2016, Order which forms the basis of the instant appeal.

At oral argument, Appellant acknowledged that he had been present on November 21, 2015, when the next conciliation conference was scheduled for January 21, 2016, but argued to the trial court that he had not received written notice of the same. N.T., 4/18/16, at 4. The trial court observed that nothing appeared in the record either changing the January 21, 2016, conference date or scheduling any matter for January 28, 2016,

and Appellant did not dispute this observation. *Id*. at 7-8. Appellee clarified that while a party does not get a copy of the written order at the conciliation conference because the trial court must first enter the order, the conciliator verbally informs the parties of the date upon which the next conference will be held and that they will receive an order in the mail reflecting that date thereafter. *Id*. at 8-9. While Appellant maintained he had "already put in a first change of address when this was first filed against [him,]" and stated that he never had received prior written notices pertaining to the previous conciliation conferences, the trial court observed that, contrary to his assertions, only one mailing address appeared in Appellant's file, and Appellee noted that Appellant had been at the previous two conferences. *Id*. at 10-11.

The trial court did not issue an order pursuant to Pa.R.A.P. 1925, and Appellant did not file a statement of errors complained of on appeal. On July 11, 2016, the trial court filed its "Rule 1925 Statement of Reasons for Entry of Order."

In his appellate brief, Appellant raises the following Statement of the Questions Involved:

> 1)  Whether [the trial court] abused [its] discretion in refusing to reinstate [Appellant] into the Diversion Program[?]
> 2)  Whether [the trial court], as a matter of law, as the facts are undisputed as to [its] conduct at the hearing, violated [Appellant's] fundamental right to be heard in a meaningful [ ] and present evidence[?]

3)      Whether [the trial court's] refusal, as a matter of law, as the facts are undisputed as to [its] failure to do so, to follow [its] own Order and reinstate [Appellant] into the Diversion Program should be reversed[?]

Appellant's Brief at 3.

Initially, Appellant maintains that following the November 12, 2015, hearing, he believed the date of the next conference was to be January 28, 2016, and, indeed, appeared for a hearing at that time, only to be informed that the conference had been held on January 21, 2016.  Appellant explains that while he was advised the notice of the conference had been sent to his residential address of 215 Highland Street, Kutztown, PA 19530, his mailing address was P.O. Box 23, Kutztown, PA 19530.  Appellant also stresses that the Complaint in Mortgage Foreclosure listed Appellant's address as the P.O. Box.  Appellant's Brief at 4-5.

Appellant further states that a court clerk checked the case file on January 28, 2016, and indicated Appellant's mailing address had been listed as the aforementioned physical address which prompted him to file another Address Form and his Motion for Reinstatement to the Diversion Program.  Brief for Appellant at 4-5.  Appellant avers that in light of his failure to receive proper written notice of the January 21, 2016, conference, and the fact that he is disabled and on "several medications including morphine and anti-depressants which affect his memory and judgment," the trial court abused its discretion in refusing to reinstate him into the Diversion Program.  Appellant's Brief at 7-8.

As a prefatory matter, we consider whether the April 18, 2016, Order is appealable. "[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." ***Kulp v. Hrivnak***, 765 A.2d 796, 798 (Pa.Super. 2000) (citation omitted). Our Supreme Court has elucidated the requirements an order must meet to qualify as an appealable collateral order.

> With limited exceptions, Pennsylvania law permits only appeals from final orders. ***See*** Pa.R.A.P. 341 ("[A]n appeal may be taken as of right from any final order."). Final orders are those that dispose of all claims and all parties, are explicitly defined as final orders by statute, or are certified as final orders by the trial court or other reviewing body. However, Pennsylvania Rule of Appellate Procedure 313(b) permits a party to take an immediate appeal as of right from an otherwise unappealable interlocutory order if the order meets three requirements: (1) the order must be separable from, and collateral to, the main cause of action; (2) the right involved must be too important to be denied review; and (3) the question presented must be such that if review is postponed until after final judgment, the claim will be irreparably lost. Pa.R.A.P. 313(b). All three prongs of Rule 313(b) must be met before an order may be subject to a collateral appeal; otherwise, the appellate court lacks jurisdiction over the appeal.

***Commonwealth v. Harris***, 612 Pa. 576, 584, 32 A.3d 243, 248 (2011). "Additionally, 'we construe the collateral order doctrine narrowly. In adopting a narrow construction, we endeavor to avoid piecemeal determinations and the consequent protraction of litigation.'" ***Commonwealth v. Sabula***, 46 A.3d 1287, 1291 (Pa.Super. 2012) (quoting ***Rae v. Pennsylvania Funeral Directors Ass'n***, 602 Pa. 65, _____, 977

A.2d 1121, 1130 (2009)). ***See Melvin v. Doe***, 575 Pa. 264, 272, 836 A.2d 42, 46-47 (2003) (noting as a "specialized, practical application of the general rule that only final orders are appealable as of right[,]" collateral order doctrine must be interpreted narrowly "to prevent undue corrosion of the final order rule"). "To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral." ***Id.***

In a *per curiam* order entered on July 27, 2016, this Court directed Appellant to show cause within ten (10) days as to why this appeal should not be quashed as having been taken from an order that is interlocutory and not appealable. Appellant responded with argument and this Court entered another *per curiam* order on August 12, 2016, indicating we would take no action at that time and, instead, would refer the issue to the merits panel which may revisit the issue and find the appeal to be defective. Consequently, the July 27, 2016, show cause order was discharged. Although in its Rule 1925(a) Opinion the trial court first found Appellant's appeal to be meritless, it further determined the instant appeal is interlocutory, as there has been no final judgment in the underlying mortgage foreclosure action disposing of all claims of all parties. ***See*** Rule 1925 Statement of Reasons for Entry of Order, 7/11/16, at 2-3 (unnumbered). Upon our review, we agree.

The trial court's April 18, 2016, Order denying Appellant's motion for reinstatement into the Diversion Program was not final in nature, as it was

issued prior to satisfaction of the judgment and neither extinguished all claims nor effectively ended the entire litigation. Indeed, the order is but one piece of an ongoing case and did not resolve the underlying Mortgage Foreclosure action or preclude Appellant from obtaining subsequent relief in the trial court. As such, the order is interlocutory. *See Farmers First Bank v. Wagner*, 687 A.2d 390, 392 n.3 (Pa.Super. 1997) (satisfaction is the endpoint of a mortgage foreclosure action).

Moreover, as the Order does not fall under the ambit of Pa.R.A.P. 311, it is not appealable as of right. *See* Pa.R.A.P. 341; Pa.R.A.P. 311 (an appeal may be taken as of right from orders affecting judgment, attachment, changes of venue, injunctions, new trials, partition, or other cases made appealable by statute or rule); *see also Grimme Combustion, Inc., v. Mergentime Corp.*, 560 A.2d 793 (Pa.Super. 1989) *appeal denied* 528 Pa. 611, 596 A.2d 157 (1989) (order refusing to grant a stay was not appealable as of right). Moreover, the trial court has the right to control the enforcement of a judgment, and the manner of this control also is within its discretion. *Stephenson v. Butts*, 142 A.2d 319, 321 (Pa.Super. 1958).

Furthermore, Appellant cannot demonstrate the issues he raises before us are vindicable only upon our immediate review under Pa.R.A.P. 313(b). While Appellant never disputes that he is in default of his Mortgage, the property has yet to be foreclosed upon and the judgment has yet to be satisfied; therefore, Appellant "still has the opportunity to show cause why foreclosure should not be granted as well as the opportunity to cure the

alleged mortgage default before potentially losing his home." ***See*** Rule 1925 Statement of Reasons for Entry of Order, filed 7/12/16, at 3 (unnumbered). If his efforts to do so ultimately are unsuccessful, Appellant will have the opportunity to challenge the denial of his request to be reinstated in the Diversion Program on direct appeal; he simply must wait to do so until a judgment has been entered.

As the order at issue is neither final, collateral, nor appealable as of right, we quash the appeal as interlocutory.

Appeal Quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/2017