J-A09042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FIDELITY DEPOSIT & DISCOUNT BANK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARJER, INC. | : | |
| | : | |
| Appellant | : | |
| | : | |
| AND CHRISTOPHER R. STECIK AND AMBER L. STECIK | : | |
| | : | |
| Appellees | : | No. 905 MDA 2016 |

Appeal from the Order Entered April 28, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2013-CV-0040

BEFORE:   GANTMAN, P.J., SHOGAN, J., and OTT, J.

JUDGMENT ORDER BY GANTMAN, P.J.:        **FILED OCTOBER 10, 2017**

Appellant, Marjer, Inc. ("Marjer"), appeals from the order entered in the Lackawanna County Court of Common Pleas, which directed a new sheriff sale on a foreclosed property in Lackawanna County, Pennsylvania ("Property").   For the reasons that follow, we quash the appeal as interlocutory and unreviewable at this time.

On June 7, 2007, Christopher R. Stecik and Amber L. Stecik ("the Steciks") purchased the Property after obtaining a $247,253.00 loan from Appellee, Fidelity Deposit & Discount Bank ("Fidelity").   After the Steciks failed to pay taxes on the Property, Marjer purchased the Property at a private tax sale on January 7, 2010.   Fidelity subsequently foreclosed on the

Property and purchased the Property at a sheriff's sale on June 27, 2011. Due to deficiencies with the first foreclosure action, Fidelity filed a second complaint in mortgage foreclosure on January 4, 2013. On April 28, 2016, the court ultimately directed the sheriff to hold a new sheriff's sale where Marjer and Fidelity would be the only bidders. Marjer filed a notice of appeal on May 31, 2016. On June 13, 2016, the court ordered Marjer to file a Rule 1925(b) statement, and Marjer timely complied on June 21, 2016.

As a prefatory matter we observe, "[t]he appealability of an order directly implicates the jurisdiction of the court asked to review the order. [T]his Court has the power to inquire at any time, *sua sponte,* whether an order is appealable." **In re Estate of Cella**, 12 A.3d 374, 377 (Pa.Super. 2010) (internal citations and quotation marks omitted). "[A]n appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313). **Stahl v. Redcay**, 897 A.2d 478, 485 (Pa.Super. 2006), *appeal denied,* 591 Pa. 704, 918 A.2d 747 (2007). An appeal from an order directing a sheriff's sale is interlocutory because the order ends neither the litigation nor the case. **See generally Farmers First Bank v. Wagner**, 687 A.2d 390, 391-92 (Pa.Super. 1997) (explaining proper method to challenge propriety of sheriff's sale is for aggrieved party to file timely petition to set aside sale). Additionally, an

appeal prior to a sheriff's sale does not lie as of right under Rule 311.  *Id.* The proper procedure to challenge a sheriff's sale is by petition after the sale and before delivery of the sheriff's deed.  ***Workingmen's Savings and Loan Association of Dellwood Corporation v. Kestner***, 652 A.2d 327, 328 (Pa.Super. 1994).

Instantly, after Fidelity filed the second mortgage foreclosure complaint, the court directed the parties on April 28, 2016, to proceed to a new sheriff's sale where Marjer and Fidelity would be the only bidders. Significantly, the court's April 28, 2016 order is an interlocutory order because it did not end the litigation or the case.  ***See Farmers First Bank, supra***.  Additionally, the court's order is not appealable as of right under Rule 311.  ***See id.***  Instead, the proper procedure to challenge the propriety of the sheriff's sale is by petition after the sheriff's sale and before delivery of the sheriff's deed.  ***See Workingmen's Savings and Loan Association of Dellwood Corporation, supra***.  Thus, Marjer's current appeal is interlocutory and unreviewable at this time.  Accordingly, we quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/10/2017