IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HATEM G. EID a/k/a HATEM EID and YVETTE EID, | § § § | No. 63, 2020 |
| Defendants Below, Appellants, | § § § | |
| v. | § § | Court Below–Superior Court of the State of Delaware |
| U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE TIKI SERIES III TRUST, | § § § § § § | C.A. No. N11L-12-270 |
| Plaintiff Below, Appellee. | § § § | |

Submitted: June 17, 2021
Decided: June 22, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1)    The appellants, Hatem G. Eid and Yvette Eid, filed this appeal from the Superior Court's January 13, 2020 order denying the Eids' motion to stay a sheriff's sale of real property. The Superior Court docket reflects that the sheriff's sale has not yet taken place. On May 28, 2021, the Senior Court Clerk issued a notice directing the Eids to show cause why their appeal should not be dismissed for their

failure to comply with Supreme Court Rule 42 in taking an appeal from an interlocutory order.

(2)     The Eids have responded to the notice to show cause and argue that their appeal is not interlocutory because "nothing remains to be done by the trial court except to enforce the judgment." The Eids are incorrect. "An order is deemed final when the trial court has declared its intention that the order is the court's final act in a case."[1]  Here, not only has the sheriff's sale not yet taken place, but the Superior Court has yet to confirm the sale.[2]  Consequently, the Superior Court's order denying the motion to stay the sheriff's sale is an interlocutory order.[3]

(3)     Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders. The Eids' failure to comply with Rule 42 leaves this Court without jurisdiction to hear their interlocutory appeal. The Eids' filing fee for any future appeal from the Superior Court's final judgment shall be waived.

---

[1] *Pollard v. The Placers, Inc.*, 692 A.2d 879, 880 (Del. 1997).
[2] *See* 10 *Del. C.* § 5065; Del. Super. Ct. Civ. R. 69(d).
[3] *Farmers First Bank v. Wagner*, 687 A.2d 390, 391-92 (Pa. Super. Ct. 1997) ("Here, the trial court's denial of appellant's motion for a stay [of the sheriff's sale] neither effectively ended the litigation, nor ended the case, and it is therefore interlocutory.").

2

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice