J-S23032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| MOHAMMED QUARIASHY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| QI HAU HUANG | : | |
| | : | |
| Appellant | : | No. 2392 EDA 2022 |

Appeal from the Order Entered September 7, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  120802838

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.:                          **FILED DECEMBER 29, 2023**

Appellant, Qi Hau Huang, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his petition to set aside a sheriff's sale.  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.[1]  Therefore, we have no reason to restate them.  Procedurally, we add that Appellant filed a timely notice of appeal on September 13, 2022.  On September 14, 2022, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied on October 4, 2022.

Appellant raises the following issues for our review:

_____

[1] We correct the trial court's recitation of facts to reflect that Appellee obtained default judgment against Appellant on January 2, 2013, not January 3, 2013.

> 1) Should the Trial Court grant a Petition to Set Aside a Sheriff Sale when additional time is requested to recoup funds that were intended to be transmitted in order to satisfy a judgment, but which were intercepted by hackers, or to permit the judgment debtor additional time to satisfy the judgment by alternative means?
>
> 2) Should the Trial Court hold an evidentiary hearing to determine how much time a judgment debtor requires to recoup funds that were intended to be transmitted in order to satisfy a judgment, but which were stolen by hackers, or to satisfy the judgment by alternative means, rather than assuming the judgment debtor is requesting an indefinite delay?

(Appellant's Brief at 4).

Pennsylvania Rule of Civil Procedure 3132 provides in pertinent part that the trial court may, upon proper cause shown, set aside a sheriff's sale and order a resale, or enter any other order which may be just and proper under the circumstances. *See* Pa.R.C.P. 3132. "A petition to set aside a sheriff's sale is grounded in equitable principles." *Wells Fargo Bank N.A. v. Zumar*, 205 A.3d 1241, 1244 (Pa.Super. 2019) (quoting *GMAC Mort. Corp. of PA v. Buchanan*, 929 A.2d 1164, 1167 (Pa.Super. 2007)). "The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner, and the request to set aside a sheriff's sale may be refused due to insufficient proof to support the allegations in the petition." *Kaib v. Smith*, 684 A.2d 630, 631 (Pa.Super. 1996). "When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion." *GMAC Mort. Corp. of PA, supra*.

- 2 -

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Joshua Roberts, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed December 19, 2022, at 4-7) (finding: Appellant failed to aver specific facts regarding how or when Appellant could recoup the debt misappropriated by the hackers or raise the funds by some other means to satisfy the debt owed to Appellee; Appellant failed to establish that the principles of equity warranted setting aside the sheriff's sale because Appellee obtained default judgment against Appellant in 2013, Appellant had a considerable amount of time to fulfil his responsibility to satisfy the debt, and Appellant did not proffer any details to demonstrate that he has the funds or the means to acquire adequate funds to satisfy the debt in a timely manner if the sheriff's sale was set aside;[2] Appellant failed to establish that the purchase price was grossly inadequate because the sale price was at least 59% of the amount that Appellant asserts was the fair market price, which is not so low a percentage of the fair market value as to warrant setting aside the sale; the

_____

[2] Appellant asserts that the court erred in concluding Appellant was requesting an indefinite period of time to repay the debt where Appellant requested 60 days to pay off the debt in his July 6, 2022 motion to postpone the sheriff's sale. Regardless of any timeframe Appellant sought in his motion to postpone, however, the record is devoid of evidence that Appellant has the present ability to repay the debt or has the means to acquire the funds to repay the debt in a specified time period if the court set aside the sheriff's sale.

- 3 -

court acted within its discretion in denying Appellant's petition without a hearing because the court determined that it had sufficient information to make a decision on the petition based on the motions, briefs, exhibits, and docket[3]).  The record supports the court's rationale.  **See GMAC Mort. Corp. of PA, supra**.  Accordingly, we affirm on the basis of the trial court's opinion.[4]

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/29/2023</u>

---

[3] Appellant argues that the court should have held a hearing to inquire into the timeline and means by which Appellant could procure funds to satisfy the judgment instead of concluding that Appellant was unable to provide such information.  Nevertheless, Appellant has failed, even on appeal, to specify what evidence or information he could have provided to the court at a hearing that would have altered the court's factual findings.  While Appellant provides information about ongoing investigations into the misappropriated funds, there are no details on the likelihood or timeline of when these funds could be recovered.  Appellant further failed to proffer any information about alternative means by which he could acquire the funds and the timeframe in which these funds could be transferred to Appellee.  Accordingly, Appellant's claim that the court abused its discretion in deciding the petition without a hearing lacks merit.

[4] We direct the parties to attach a copy of the trial court's opinion to any future filings involving this appeal.

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL

| | |
|---|---|
| MOHAMMED QUARIASHY | : Superior Court Docket: |
| | : |
| | : 2392 CD 2022 |
| v. | : |
| | : Trial Court Docket:    OPFLD-Quariashy Vs Huang |
| QI HUA HUANG | : |
| | : August Term 2012 |
| | : No. 2838 |



12080283800109

### 1925(a) OPINION

Defendant Qi Hua Huang sought to set aside a sheriff's sale of commercial real property, contending he had attempted pay off the judgment prior to the sale, but his lawyer's email account was hacked, causing his payment to be diverted to hackers. As a result, the payment was never received by Plaintiff Mohammed Quariashy prior to the sale. Mr. Huang had raised the same "defense" in motions to postpone the sale, but in those motions, just as in the motion to set aside the sale, Mr. Huang provided no specific timeline regarding when he expects to recoup the money he lost as a result of the hacking. Thus, this Court denied the motion to set aside the sale.

Mr. Huang filed this timely appeal to the Superior Court. On appeal, Mr. Huang argues this Court should have granted the motion because *inter alia*: (1) he was the victim of fraud and this Court should have exercised its equitable powers to grant him time to pay off the judgment; (2) the sale price was grossly inadequate; and (3) the Court should have conducted an evidentiary hearing. In his 1925(b) Statement, Mr. Huang also complains of trial court errors committed before the sale, although this Court was only involved in this matter post-sale.

For the reasons set forth below, the Superior Court should affirm this Court's order denying Mr. Huang's Petition to Set Aside Sheriff's Sale.

## A. Factual and Procedural Background of Appeal

Mr. Quariashy instituted this breach of contract action on August 28, 2012 by filing a complaint in which he alleged that he loaned Mr. Huang money pursuant to a promissory note and Mr. Huang defaulted on repaying the note. As of the filing of the complaint, Mr. Quariashy alleged that Mr. Huang still owed $61,400. Mr. Quariashy served Mr. Huang with the Complaint. Mr. Huang did not file a responsive pleading. On January 3, 2013, Mr. Quariashy obtained a default judgment in the amount of $61,400.

On May 28, 2013, Mr. Huang filed a Petition to Strike the default judgment, contending that service of the Complaint was defective. On July 24, 2013, after the Petition to Strike had been fully briefed, then-Common Pleas Judge Ellen Ceisler denied the petition. Judge Ceisler later denied reconsideration. No appeal was ever taken from Judge Ceisler's order denying the petition.

The next case activity took place in 2021, when Mr. Quariashy filed a writ of revival and commenced judgment collection proceedings. Eventually, Mr. Quariashy obtained a writ of execution and sought to sell Mr. Huang's real property at sheriff's sale. On June 6, 2022, Mr. Huang filed a motion to postpone the sale, as it appeared that parties had reached an agreement where Mr. Huang would pay Mr. Quariashy the sum of $100,000.00 to satisfy the outstanding judgment. The Honorable Sierra Thomas-Street granted the request and postponed the sale until July 12, 2022.

2

On July 6, 2022, Mr. Huang filed another motion to postpone, stating that wire transfer instructions from Mr. Quariashy's counsel, Jay Kivitiz, Esq., were apparently intercepted by hackers, who then sent fraudulent wire transfer instructions to Mr. Huang's counsel, Jon Taylor, Esq. Specifically, and as explained in the Monte Security & Network Consulting Incident Report attached as Exhibit E to Mr. Huang's motion, the hackers spoofed Mr. Kivitz's email, jkivitz@kivitzlaw.com. The hacker had managed to infiltrate Mr. Taylor's email and set up a command to intercept emails from Mr. Kivitz. The hacker altered the wire instructions provided by Mr. Kivitz, and sent spoofed instructions from jkivitz@kivitzlaws.com [note the added "s" at the end of "law"] to Mr. Taylor. Mr. Taylor forwarded the instructions to Mr. Huang, who arranged for payment according to those instructions. As a result, the payment was made to the hacker. Mr. Taylor reported the incident to various law enforcement authorities who commenced an investigation.

Mr. Huang sought additional time to retrieve the funds and/or pay the debt by alternative means. Judge Thomas-Street held a hearing on July 8, 2022 and denied the petition on July 11, 2022. That same day, Mr. Huang filed a Motion for Reconsideration that Justice Thomas-Street denied. The Sheriff's Sale took place on July 19, 2022. The property sold for $176,000.00.

On July 26, 2022, Mr. Huang filed his Petition to Set Aside Sheriff's Sale. Mr. Huang argued the sale should be set aside because (i) he was the victim of fraud and (ii) the sale price was grossly inadequate. On August 15, 2022, Mr. Quariashy filed

3

his response to Mr. Huang's petition. This Court denied the petition without a hearing on September 7, 2022.

## B.  Legal Standard

Pursuant to Rule 3132, upon proper cause shown, the trial court may set aside the sale of real or personal property and order a resale, or any other appropriate relief. The decision whether to set aside a sale is governed by equitable principles. *Bank of Am., N.A. v. Estate of Hood*, 47 A.3d 1208, 1211 (Pa. Super. 2012). The party seeking to set aside the sale has the burden of proving by clear evidence there is an adequate basis upon which to set aside a sale. *Id.* From a timing perspective, the petitioner must file before the sheriff delivers the deed to real property. Pa. R. Civ. P. 3132. A reviewing court will not reverse the trial court in the absence of a clear abuse of discretion. *Blue Ball Nat'l Bank v. Balmer*, 810 A.2d 164, 167 (Pa. Super. 2002).

## C.  The Court Properly Exercised its Equitable Powers in Denying the Petition

Mr. Huang argues that the sale should be set aside on equitable grounds because he was the victim of fraud. Mr. Huang cites to an incident report prepared by Monte Security & Network Consulting and an IC3 Incident Report filed with the Federal Bureau of Investigations. Mr. Huang also notes that he contacted the Wake Forest Police Department in attempt to retrieve the funds sent to the hackers (Mr. Huang currently lives in North Carolina).

Mr. Huang suggests in his petition, as he did in his previously-filed motion to postpone, that he will be able to pay the debt if he can recoup the money the hackers

4

misappropriated, or if he can separately raise the funds. Mr. Huang, however, has never provided any specifics, such as the likelihood the funds sent to hackers will be retrieved, or his ability to alternatively raise the funds from other sources. Essentially, Mr. Huang requests an indefinite delay to allow him time to raise the funds. While the Court sympathizes with Mr. Huang's predicament, the payment of the judgment ultimately was Mr. Huang's responsibility and responsibility for the misappropriated payment, unfortunately, falls on Mr. Huang and not Mr. Quariashy. Mr. Quariashy obtained the default judgment in January 2013 – nearly 10 years ago. He should not be required to now wait an indefinite period of time for Mr. Huang to possibly recoup the misappropriated money. Judge Thomas-Street previously denied such a request in the context of the postponement motion. When confronted with the same issue after the sale, this Court reached the same conclusion. Thus, this Court properly denied Mr. Huang's request to set aside the sale on equitable principles.

### D. Sale Price Was Not Grossly Inadequate

In the context of a motion to set aside a sheriff's sale, a trial court may find that a sale price was grossly inadequate when a property is sold at 10% of its market value or less. *Estate of Hood*, 47 A.3d at 1211-12. Here, the sale price was $176,200.00. Mr. Huang argues its fair market value was $298,700.00, meaning the sale price was 59% the market value. The price the sheriff obtained at a lawfully conducted sale is presumptively the best price obtainable. *Id.* at 1213. Mr. Huang does not provide any evidence or argument that he could have obtained a greater price, or that he had a buyer willing to pay a greater price. In the absence of such

5

evidence, and purely based on the values of record, Mr. Huang cannot credibly argue that the sale price was grossly inadequate. Thus, this Court properly rejected the argument that the sale should be set aside because the sale price was grossly inadequate.

## E.    This Court Was Not Required to Hold a Hearing

Mr. Huang argues, without citation to any authority, that this Court should have held a hearing or argument on his petition. It is within this Court's discretion to determine an issue on briefs alone, or whether a hearing or argument are necessary to resolve an issue. *GMAC Mortg. Corp. of PA v. Buchanan*, 929 A.2d 1164, 1169 (Pa. Super. 2007). Based on the motions, briefs, exhibits, and court docket, this Court had all the information necessary to reach a decision on the petition. Mr. Huang does not raise any specific reason why this Court should have held a hearing. Accepting all of Mr. Huang's assertions regarding the fraud and hackers as true, this Court concluded that Mr. Huang's arguments did not warrant setting aside the sale. Thus, Mr. Huang's contention regarding a hearing is without merit.

## F.    Orders Entered Prior to the Sale Were Interlocutory

In his 1925(b) Statement, Mr. Huang includes the previous denials of his motions to postpone sale, and to reconsider postponement of sale as issues on appeal. The denial of a motion to postpone or stay a sheriff's sale is an interlocutory order. *Farmers First Bank v. Wagner*, 687 A.2d 390 (Pa. Super. 1997). The denial of Mr. Huang's motions to postpone, although decided by a different judge, is not properly part of this appeal. In any event, Mr. Huang nonetheless preserved the "merits" of

6

his arguments from those motions by filing the motion to set aside that this Court denied.

## G.     Conclusion

For the foregoing reasons, this Court respectfully submits that the Superior Court should affirm this Court's denial of Mr. Huang's Motion to Set Aside the Sheriff's Sale.

BY THE COURT:

_____
Joshua Roberts, J.

Dated: December 19, 2022