# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In the Matter of Tax Sale 2023        :
                                  :    No. 2 C.D. 2024
                                    :

Appeal of: Michael C. Romig      :    Submitted: December 9, 2024

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE MATTHEW S. WOLF, Judge
                   HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                              FILED: January 28, 2025

Michael C. Romig (Romig) appeals from an order of the Court of Common Pleas of Mifflin County (trial court) filed December 12, 2023, which denied his "Motion to Halt Sale" (Motion) and concluded that he had been properly served with notice under the Real Estate Tax Sale Law (RETSL).[1] We quash this appeal for lack of jurisdiction because the trial court order at issue is not a final, appealable order.

Romig has been engaged in litigation for some time with the Mifflin County Tax Claim Bureau (Bureau) regarding the Bureau's repeated attempts to sell his property located at 1014 Mail Pouch Road, McLure, Pennsylvania (Property) for delinquent taxes. *See Romig v. Mifflin Cnty. Tax Claim Bureau* (Pa. Cmwlth., No. 1138 C.D. 2021, filed Aug. 10, 2023), 2023 WL 5113061, *appeal denied*, 309 A.3d 693 (Pa. 2023) (dismissing another of Romig's appeals for lack of jurisdiction). In

---

[1] Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101-.803.

this appeal, the Bureau unsuccessfully attempted to sell the Property at an upset tax sale. On August 21, 2023, the Bureau petitioned the trial court to conduct a judicial sale as authorized by Section 610 of RETSL.[2] *See* Original Record (O.R.), Item No. 4, line 45. On August 28, 2023, the trial court issued a rule to show cause for a judicial sale, returnable September 13, 2023. *Id.*, line 48. On September 13, 2023, Romig filed an answer to the rule to show cause opposing the sale, claiming that he was not properly served with notices of claim for the underlying taxes. *Id.*, line 50; O.R., Item No. 5 (Answer). On September 14, the trial court made the rule absolute and scheduled a judicial sale for the month of December 2023. *Id.*, line 52; Notes of Testimony from December 11, 2023 hearing (N.T.) at 34.

On November 16, 2023, Romig filed the "Motion to Halt Sale" in the trial court. He alleged that he is currently incarcerated at State Correctional Institution – Frackville and that the Bureau had attempted to personally serve on him notice of the scheduled judicial sale, but that the attempted service was unsuccessful and did not satisfy the personal service and notice requirements of RETSL. O.R., Item No. 7 (Motion to Halt Sale). The Motion essentially sought to stay or enjoin the scheduled judicial sale before it occurred based on the alleged defect of service. The trial court held a hearing on the Motion on December 11, 2023, at which Romig

---

[2] It provides, in relevant part:

> In cases where the upset price shall not be bid at any such sale, . . . the bureau may . . . file its petition in the court of common pleas of the county to sell the property under sections 612 and 612.1 [of RETSL (relating to judicial sales), 72 P.S. §§ 5860.612-612.1] . . . . [T]he court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold, freed and cleared of their respective tax and municipal claims, liens, mortgages, charges and estates, except separately taxed ground rents. . . .

72 P.S. § 5860.610. Section 612.1 of RETSL was added by the Act of May 20, 1949, P.L. 1579.

appeared and testified. Chief Sheriff's Deputy Laurie Kozak also testified regarding personal service of notice of Romig. The trial court credited Deputy Kozak's testimony over Romig's, concluded that service had been proper, and then denied the Motion in its December 12, 2023 Opinion and Order. O.R., Item No. 9. Romig filed a notice of appeal on January 3, 2024.

After the hearing and order denying the Motion, the Bureau continued to proceed with the judicial sale, including by filing petitions for confirmation of the distribution of the proceeds from the sale as required by Section 205(e) of RETSL, 72 P.S. § 5860.205(e). *See* O.R., Item No. 4, lines 61, 69. It is not clear from the record whether or when the Property itself was actually sold at judicial sale, since the trial court's orders managing the sale pertain to multiple properties county-wide, not merely to the Property. *See* O.R., Item No. 4.

By March 25, 2024 order, this Court directed the parties "to address the appealability of the trial court's order in their principal briefs on the merits or in an appropriate motion," citing Pa.R.A.P. 341.[3]

Appellate Rule 341 authorizes an appeal from a final order, *i.e.*, an order that disposes of all claims and all parties. Pa. R.A.P. 341; *Grant v. Blaine*, 868 A.2d 400, 402 (Pa. 2005). A final order in a tax sale case generally either confirms or sets aside a tax sale, neither of which occurred here. *See, e.g., Nguyen v. Del. Cnty. Tax Claim Bureau*, 244 A.3d 96 (Pa. Cmwlth. 2020). Pa.R.A.P. 311(a) allows appeals as of right from certain interlocutory orders, including orders that grant or

---

[3] Sadly, neither party complied with our order and neither brief discusses appealability. This Court—its Judges, their respective staffs, and staff in the Office of the Prothonotary and the Office of Chief Legal Counsel—spends considerable time and labor fulfilling its duty to confirm subject matter jurisdiction over every appeal. When warranted, the Court will order the parties to address that question, as it did here. We remind Romig and counsel for the Bureau that they must read and follow this Court's orders.

deny an injunction. *See* Pa.R.A.P. 311(a)(4). However, the denial of a petition to stay or halt a tax sale is interlocutory and unappealable. *See City of Phila. v. Frempong-Atuahene* (Pa. Cmwlth., No. 95 C.D. 2018, filed Jan. 18, 2019), slip op. at 4-5, 2019 WL 254917 (citing *Farmers First Bank v. Wagner*, 687 A.2d 390, 391-92 (Pa. Super. 1997)).[4]

Finally, Pa.R.A.P. 313 allows appeals from collateral orders, which are "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(a)-(b). "[T]he collateral order doctrine is to be interpreted narrowly, and each prong of the doctrine must be clearly present before an order may be considered collateral." *In Re: Petition of the Tax Claim Bureau of Westmoreland Cnty.*, 84 A.3d 337, 340 (Pa. Cmwlth. 2013). The trial court's December 12, 2023 order denied only the request to stay or halt the sale. No claim was irreparably lost because Romig may challenge the sale after it occurs. *See Nguyen*, 244 A.3d at 103-04 (Pa. Cmwlth. 2020) (discussing ability to file petition to set aside judicial sale after it occurs, and citing *Shipley v. Tax Claim Bureau of Delaware Cnty.*, 74 A.3d 1101, 1107 (Pa. Cmwlth. 2013)). Thus, the trial court's order is not a collateral order under Pa.R.A.P. 313.

It is not apparent from the record or briefs whether the judicial sale of the Property has even occurred yet, or if it has, that Romig has filed any petition seeking to set aside the sale. *See* 42 Pa. C.S. § 5522 (providing six-month statute of limitations for filing "[a]n action or proceeding to set aside a judicial sale of property"); *In re Sale of Real Est. by Lackawanna Tax Claim Bureau* (Pa. Cmwlth.,

---

[4] Unreported opinions of this Court filed after January 15, 2008, may be cited for their persuasive value. Pa.R.A.P. 126(b); 210 Pa. Code § 69.414(a).

No. 2027 C.D. 2013, filed Aug. 1, 2014), slip op. at 6, 2014 WL 3805796 (discussing timeliness and procedure for a petition to set aside judicial tax sale on grounds of improper service on owner).  All that is clear is that the trial court denied Romig's Motion filed in advance of the sale.  For the foregoing reasons, that order is not immediately appealable, so we quash this appeal for lack of subject matter jurisdiction.

_____
MATTHEW S. WOLF, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

In the Matter of Tax Sale 2023      :
                                     :    No. 2 C.D. 2024
                                       :

Appeal of: Michael C. Romig      :

# **O R D E R**

AND NOW, this 28th day of January 2025, the above-captioned appeal is QUASHED.

_____
MATTHEW S. WOLF, Judge